**FROM: The District Court of the 4th Judicial District. County of Missoula.**

STATE OF MONTANA,
          Plaintiff,                     NO. 9697
vs.                                DECISION

Gary Levin Joseph Duff,
          Defendant.

On November 13, 1991, the defendant was sentenced to a term of twenty (20) years in the Montana State Prison for the offense of Count I: Aggravated Assault, a Felony and to a term of ten (10) years each on Counts II and III: Assault, a Felony, also to be served in the Montana State Prison. Counts II and III shall run concurrent with each other but consecutive to the sentence imposed in Count I. That for the use of a weapon during the commission of these offenses, the defendant is sentenced to ten (10) years in the Montana State Prison. Said sentence shall run consecutive with the sentences imposed in Count I, II and III. Defendant shall receive credit for time served at Missoula County Jail from May 7, 1991, through August 2, 1991, for eighty-eight (88) days. It is further ordered that the defendant shall pay a fee through the Clerk of the District Court in the amount of Sixty Dollars ($60.00) ($20.00 on each count), according to a schedule as set by his probation officer, to go to the County Attorney Surcharge Fund as provided in Section 46-18-236, M.C.A. It is the recommendation of the Court that as a condition of parole that the defendant be required to pay restitution to the victim for medical expenses.

On March 17, 1995, the Defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The Defendant was present and was represented by Moira Murphy, legal intern from the Montana Defender Project. The state was represented by Fred VanValkenburg, County Attorney from Missoula.

Before hearing the application, the Defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall remain the same as originally imposed.

The Sentence Review Board does not disagree with Judge McLean's analysis of this case, or with the sentence imposed. All relevant factors were weighed by the District Judge. The sentence is not excessive under the circumstances. The dangerous designation is warranted under the circumstances of the case. It is indeed unfortunate that a man's youth and middle years are to be spent in prison, however, this was caused by his own actions. The consequences to the victim are very severe and simply cannot be tolerated. The sentencing Judge took into account the fact that the defendant had no prior felonies in imposing sentence.

Done in open Court this 17th day of March, 1995.

DATED this 19th day of April, 1995.

**Hon. John Warner, Chairman, Hon. Ted Lympus, Member,**
**Hon. Frank Davis, Member.**

The Sentence Review Board wishes to thank Moira Murphy for representing Gary Duff in this matter and also wishes to thank Fred VanValkenburg, County Attorney from Missoula for representing the State.